UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 JUL 25 PM 2: 12
U.S. DISTRICT COURT
N.D. OF ALABAMA

SEBASTIAN WARD,           )
                          )
    Plaintiff,            )
                          )
vs.                       )   Civil Action No. CV-99-S-3320-S
                          )
DENNIS HARDY ELECTRIC, INC., )
                          )
    Defendant.            )

ENTERED
JUL 25 2000

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This action is before the court on "plaintiff's motion for attorney fees and costs as part of relief requested in complaint upon default judgment." Upon consideration of the pleadings, motion, affidavits, and exhibits, the court finds and concludes as follows:

1.  That defendant Dennis Hardy Electric, Inc. was served with a copy of the summons and complaint on February 4, 2000, and has failed to respond.

2.  That Dennis Hardy Electric, Inc. is a corporation within the jurisdiction of this court.

3.  That defendant Dennis Hardy Electric, Inc. is indebted to plaintiff Sebastian Ward in the principal sum of $10,017.52, (consisting of $6,157.52 in backpay, reduced by $1,140.00 that plaintiff received in unemployment compensation, plus $5,000 in compensatory damages).

The court recognizes that this backpay award is less than plaintiff requested, but the court has reviewed the figures calculated by plaintiff and finds that his figures are unsupported by the evidence. Accordingly, the court sets forth its specific findings related to plaintiff's backpay award.

The court finds that plaintiff's backpay should be computed by adding three separate categories of lost income. Specifically, plaintiff has presented evidence that defendant discriminated against him by paying him less per hour in regular and overtime wages, and by failing to pay him daily per diem fees. The court will address each category separately.

The court finds that plaintiff is entitled to $4,401.18 in back pay for his regular work hours. This figure consists of the following:

    A.    Plaintiff has submitted xerox copies of his pay stubs for $12^1$ of the 18 weeks that he worked for defendant in Birmingham, Alabama.

        1.    The first two pay stubs reflect that plaintiff was paid at a rate of 13.00 per hour, which amounts to $7.87 less per hour than defendant paid white employees. Plaintiff worked 78 hours of regular pay (38 hours the first week and 40 hours the second week). Therefore, plaintiff is entitled to recover backpay for the first two weeks in the amount of $613.86 (38 + 40 = 78 (hours) × 7.87

---

[1] Plaintiff contends that he submitted pay stubs for 13 weeks, but in actuality he only submitted pay stubs for 12 weeks of work.

2

        (rate) = $613.86).

2. The remaining ten pay stubs reflect that plaintiff was paid at a higher rate of 13.50 per hour, which amounts to $7.37 less per hour than defendant paid white employees. He worked a total of 314 hours at this rate of pay (40 hours (for six weeks), 31 hours, 27 hours, 2 hours, and 14 hours for the remaining weeks). Therefore, plaintiff is entitled to recover backpay for the remaining ten weeks on which his pay stubs were submitted in the amount of $2,314.18 (240 + 31 + 27 + 2 + 14 = 314 × 7.37 (rate) = $2,314.18).

B. Plaintiff avers that he worked for a total of 18 weeks, and the court finds that he has failed to submit a pay stub for the remaining 6 weeks. Therefore, the court will average the hours that plaintiff worked during the weeks that are documented by his pay stubs, and will multiply this figure by 6 to derive the amount of backpay he is entitled to receive for the remaining six weeks. Assuming that defendant paid plaintiff $7.37 per hour less than it paid white employees during these 6 weeks, plaintiff is entitled to $1,444.67 in additional back pay ((38 + 40 + 40 + 40 + 40 + 40 + 40 + 31 + 27 + 2 + 14 + 40) = 392 hours ÷ 12 weeks = 32.67 average hours per week. 32.67 × 6 weeks without pay stubs = 196.02 total hours × 7.37 (rate) = $1,444.67).

The court also finds that plaintiff is entitled to $836.36 in back pay for overtime work hours. This figure consists of the following:

A. For the twelve weeks that plaintiff has supplied pay stubs, he was compensated for overtime work at two different rates.

    a. For the first two weeks, defendant paid plaintiff $19.50 per hour of overtime work, which amounts to a difference of $11.81 per hour less than defendant paid white employees.

3

      He worked a total of 18 hours at this rate of pay (0 hours the first week and 18 hours the second week). Therefore, plaintiff is entitled to recover backpay for the first two weeks of overtime in the amount of $212.58 (18 (hours) × 11.81 (rate) = $212.58).

  b. For the remaining ten weeks, plaintiff worked a total of 34.5 hours of overtime (10 + 9.5 + 0 + 0 + 10 + 0 + 0 + 0 + 0 + 0 + 5), for which defendant compensated him at a rate of $20.25 per hour, which amounts to a difference of 11.06 per hour. Therefore, plaintiff is entitled to recover backpay for these ten weeks in the amount of $381.15 (34.5 × 11.06 = $381.15)

B. For the six weeks that plaintiff has failed to submit his pay stubs, the court averages the hours of overtime that he worked during the 12 weeks that are documented by his pay stubs, and multiplies this figure by 6 to derive the amount of overtime he is entitled to receive.[2] Assuming that defendant paid plaintiff $11.06 per hour less during these 6 weeks, than defendant paid white employees, plaintiff is entitled to recover $290.66 in overtime ((0 + 18 + 10 + 9.5 + 0 + 10 + 0 + 0 + 0 + 0 + 0 + 5) = 52.5 hours ÷ 12 weeks = 4.38 average overtime hours per week. 4.38 × 6 weeks without pay stubs = 26.28 total hours × 11.06 (rate) = $290.66).

The court also finds that plaintiff is entitled to $900.00 in back pay for per diem fees. Plaintiff has established that white employees were paid $10 per day for meals, whereas plaintiff was not. Accordingly plaintiff is entitled to receive additional

---

[2] In adopting this analysis, the court rejects the analysis offered by plaintiff. Specifically, plaintiff avers in his affidavit that he worked between 10 and 20 hours per week of overtime, which amounts to an average of 15 hours per week. Based on the court's analysis set forth above, plaintiff only worked an average of 4.38 hours per week in overtime, and thus the court disregards the figure supplied by plaintiff.

compensation for the 18 weeks that he worked for defendant without receiving his per diem pay. (90 days (18 weeks × 5 days per week) × $10 per day = $900.00).

4. Plaintiff also is entitled to recover $3,447.00 in attorneys' fees and costs. In awarding attorneys' fees, this court has applied the analysis adopted by the Eleventh Circuit in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). Specifically, the court has multiplied the number of hours reasonably expended by a reasonable hourly rate to arrive at an amount called the "lodestar." See Norman, 836 F.2d 1292 at 1299. The court has also considered the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[3] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained;

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of professional relationship with the client; and, (12) awards in similar cases.

The amount awarded above is to be divided among the following three attorneys, in the proportions set forth below. Specifically, the court finds that Pamela L. Sumners is entitled to recover $2,386.34 in attorneys fees and expenses. That amount consists of $166.34 in costs and expenses, to which the court finds she is entitled, as well as $2,386.34 in attorneys' fees. In awarding Ms. Sumner attorneys' fees, the court finds that she is to be compensated for 14.8 hours of work, at the rate of $150 per hour. The court finds that both the rate awarded and the number of hours expended is reasonable in light of the facts and circumstances of this case.[4]

The court also finds that Jason L. Wollitz is due to be awarded $250.00 in attorneys' fees, whereas Wendy Allison Reese is

---

[4] Although Ms. Sumners requested that she be compensated at the rate of $200 per hour, the court finds that the rate of $150 is more reasonable, in light of the simplicity of this case. Plainly speaking, this case required very little time and effort, because no discovery was conducted, no dispositive motions filed, no hearings held, and no trial conducted. In this case, plaintiff succeeded because defendant defaulted, not due to the skill of plaintiff's counsel. Moreover, Sumners cites the case of *Chandler v. James*, CV-96-D-169-N (M.D. Ala) to support her requested rate of $200 per hour, but *Chandler* involved much more time and labor (especially considering the appellate work), more difficult questions, and a higher need for experienced counsel. Accordingly, the court rejects that comparison.

due to be awarded $810.66 in attorneys fees, costs, and expenses. Both counsel candidly admit that they have relatively little experience with employment discrimination cases, and that they are recent law school graduates. Accordingly, the court concludes that the rate of $100 per hour is reasonable in light of their experience and skill and the simplicity of this case. *See supra* note 4. Moreover, the court has not been impressed by the quality of their work, especially after consideration of their woefully deficient calculation of damages. The court also finds that the number of hours expended by both attorneys is reasonable, with Wolliz devoting 2.5 hours and Allison devoting 7.9 hours to this case, and that Allison is entitled to be reimbursed for $20.66 in costs and expenses.

5. That plaintiff shall have and recover from defendant Dennis Hardy Electric, Inc. the total sum of $13,464.52, including plaintiff's damages, attorneys' fees and expenses.

A judgment by default shall be entered contemporaneously herewith.

DONE this 25th day of July, 2000.

_____
United States District Judge